04-CV-02102-ORD

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LONNIE B. TRASK,

    Plaintiff,

v.

JO ANNE B. BARNHART, United States Commissioner of Social Security,

    Defendant.

CASE NO. C04-2102C

ORDER

This matter comes before the Court on Plaintiff's application for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") (Dkt. No. 1), the Report and Recommendation of United States Magistrate Judge Mary Alice Theiler ("R&R") (Dkt. No. 20), and Plaintiff's objections to the R&R (Dkt. No. 21). Having reviewed the materials submitted by the parties and determined that oral argument is not necessary, the Court hereby finds and rules as follows:

I.    BACKGROUND

Plaintiff filed an application for disability benefits on March 23, 2000, alleging that he became disabled on June 23, 1998 due to post traumatic stress disorder, anxiety, depression, anger at a homicidal level, knee and back problems, and pain. The Commissioner denied Plaintiff's claim. The Plaintiff did

ORDER – 1

not appeal the decision, but instead chose to reapply on January 11, 2001. The Commissioner denied this second application initially and on reconsideration. Plaintiff then requested a hearing and the Administrative Law Judge ("ALJ") issued a decision denying the Plaintiff's application. The Appeals Council refused to review the claim. Plaintiff then brought action in this court under 42 U.S.C. § 405(g).

Judge Theiler recommends in her R&R that the Commissioner's decision be affirmed. Plaintiff objects on the basis that the conclusion was not supported by substantial evidence and was reached in legal error. This Court reviews the record de novo when considering objections to a magistrate judge's report and recommendation. *See* 28 U.S.C. § 636(b)(1).

II. STANDARDS

A denial of benefits will be disturbed only if it is not supported by substantial evidence on the record as a whole or it is based on legal error. *Benton ex rel. Benton v. Barnhart*, 331 F.3d 1030, 1035 (9th Cir. 2003). Substantial evidence means more than a scintilla, but less than a preponderance; it means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Although this Court must consider the administrative record as a whole and weigh evidence that undermines as well as supports the decision, the ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and reconciling ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). If there is more than one rational interpretation of the evidence, one of which supports the ALJ's decision, the court must uphold the ALJ's decision. *Burch*, 400 F.3d at 679.

III. PLAINTIFF'S OBJECTIONS

Plaintiff contends that Judge Theiler made three errors in affirming the ALJ's denial of disability benefits. First, the Plaintiff assigns error to Judge Theiler's finding that the ALJ's reliance on the testimony of the medical examiner over the opinions of the sources who treated him was not error. (Pl.'s Obj. 2-4). However, the opinion of a treating source is not necessarily conclusive as to either the physical condition or the ultimate issue of disability. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169

ORDER – 2

F.3d 595, 600 (9th Cir. 1999). When a non-treating physician's opinion contradicts that of the treating source the opinion of the treating physician may be rejected if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record. *Id.* Opinions of a non-treating, testifying medical advisor may serve as substantial evidence when they are supported by, and consistent with, other evidence in the record. *Id.* Here, the ALJ gave specific reasons why the Plaintiff's treating sources were inconclusive that included the following: none of the treating sources were actually physicians, (R&R 5); and the opinions of the Plaintiff's various mental health providers were mixed and varying, from statements that the claimant was disabled to no mention of any disability, (R&R 4-5). It is the province of the ALJ to resolve conflicts in testimony and questions of credibility where medical reports are inconclusive. *See Morgan*, 169 F.3d at 601. Furthermore, the medical advisor's opinions are supported by, and consistent with, the opinion of the examining psychologist. (R&R 7). Therefore, it was not legal error for Judge Theiler to accept the ALJ's reliance on the testimony of the medical examiner over those sources who treated the Plaintiff.

      Second, the Plaintiff contends that Judge Theiler erroneously accepted the ALJ's finding that the Plaintiff's testimony was not credible. (Pl.'s Obj. 4). The Plaintiff argues that the ALJ's credibility assessment was colored by his rulings against the Plaintiff on the psychiatric diagnoses and marijuana use and therefore remand is appropriate for a separate ruling on the issue of credibility. However, the Plaintiff points to no evidence in the record to support this contention. Furthermore, the inconsistencies between Plaintiff's conduct and his testimony provide clear and convincing reasons to reject his testimony. *See Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

      Third, the Plaintiff contends that Judge Theiler erroneously accepted the ALJ's reliance on the testimony of the medical examiner to dispute the findings of the Veterans Administration's treatment team. (Pl.'s Obj. 5). However, Judge Theiler and the ALJ gave persuasive, specific, and valid reasons for giving less weight to the opinions of the treating sources at the VA: the opinions of the treating sources at the VA were contradictory and varying, (R&R 4-5), and the criteria used by the VA to

ORDER – 3

determine disability are not identical to those used by the Commissioner, (R&R 10). Therefore Judge Theiler was correct in finding that the ALJ did not err in giving less weight to the VA's disability determination.

For these reasons, the Court concludes that Plaintiff's objections lack merit and hereby ADOPTS the Report and Recommendation and ORDERS that this action be DISMISSED with prejudice. The Clerk is directed to send copies of this Order to all counsel and to Judge Theiler.

SO ORDERED this 13 day of September, 2005.

_____
UNITED STATES DISTRICT JUDGE

ORDER – 4